UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH R. BOIMAH,

                    Plaintiff,

- against -                    03-CV-0121

CUMBERLAND FARMS, INC.,

                    Defendant.

---

**APPEARANCES**                                  **OF COUNSEL:**

Joseph R. Boimah
*Plaintiff Pro Se*
400 Central Avenue, Apt. 23-B
Albany, New York 12206

Moon Moss McGill & Shapiro, P.A.          Philip J. Moss, Esq.
*Counsel for Defendant*
10 Free Street
P.O. Box 7250
Portland, Maine 04112-7250

Bond Schoeneck & King, P.L.L.C.           Thomas G. Eron, Esq.
*Local Counsel for Defendant*
One Lincoln Center
Syracuse, New York 13202-1355

NORMAN A. MORDUE, United States District Judge

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Presently pending is defendant's second motion for summary judgment dismissing plaintiff's employment discrimination complaint for lack of subject matter jurisdiction.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

      The preliminary facts and procedural background of this matter are set forth in a November 3, 2004, letter-order by this Court to the parties:

Mr. Boimah filed an administrative complaint of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") in September 2002, alleging unlawful discrimination by Cumberland Farms, Inc., on the basis of his race, skin color, and national origin. In January 2003, after he received his Notice of Right to Sue letter from the EEOC, plaintiff filed a complaint in this Court alleging employment discrimination by defendant. The complaint was filed on a form available to *pro se* litigants alleging unlawful employment discrimination under 42 U.S.C. § 2000e (Title VII). Plaintiff simply filled in the blank portions of the form with information about the parties and the nature of his claims and "checked off" the boxes which described his claims, namely, discrimination on the basis of "race or color," "national origin" and "other" where he wrote in "age," "unfair payment" and "unfair insurance practice."

By Order dated February 14, 2003, this Court deemed the complaint insufficient to satisfy the basic pleading rules of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."). The Court found that plaintiff's complaint did not set forth a "plain and concise" statement of the facts, nor was it organized by way of separate claims or counts against defendant. Based thereupon, the Court ordered plaintiff to file an amended complaint within thirty days or face dismissal of his action.

Plaintiff filed an amended complaint on March 17, 2003, as directed. This time, however, plaintiff utilized a form available in the Clerk's office to *pro se* litigants alleging employment discrimination based **solely** on age. There are no boxes to "check off" on this form which provide *pro se* litigants with choices regarding the grounds for their claims. By Order dated April 4, 2003, the Court accepted this amended complaint as sufficient under the pleading requirements of the Fed. R. Civ. P..

Thereafter, defendant served and filed its motion for summary judgment dismissing plaintiff's amended complaint on the ground that he had failed to satisfy **legal prerequisites** for bringing his claim in federal court. Defendant argues correctly that this Court only has jurisdiction to consider those claims of employment discrimination which have already been made to and considered by the EEOC. *See Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 900 F.2d 1397, 1401 (2d Cir. 1993). Specifically, defendant contends that since plaintiff complained to the EEOC in his administrative proceeding **only** about discrimination based on race, color and national origin, and obtained a Right to Sue letter based **on these claims alone.** Thus, defendant contends plaintiff has no legal basis to sue Cumberland Farms for age discrimination.

Review of plaintiff's amended complaint clearly shows it has been filed as a claim under the Age Discrimination in Employment Act ("ADEA"), and **does not reference plaintiff's previous Title VII**

**claims of discrimination based on race, color and national origin. However, there are no facts in the amended complaint which refer to or describe instances or evidence of discrimination based on age.** The amended complaint details instances where plaintiff alleges he was lied to or misled by his employer, treated unfairly and either disciplined or fired for pretextual reasons. Indeed, plaintiff alleges that defendant's stated reasons for both disciplining him and terminating his employment were baseless and false. The law is well-settled that an employee alleging unlawful discrimination must show that an employer's proffered reasons for an adverse employment action are a pretext **for discrimination.** *Fisher v. Vassar College,* 114 F.3d 1332, 1339 (2d Cir. 1995). "[A] reason cannot be proved to be a pretext **for discrimination** unless it is shown **both** that the reason was false **and** that discrimination was the real reason." *Id.*(emphasis in original) (internal quotations omitted). In short, even though plaintiff has alleged that his employer gave false reasons for failing to promote him, disciplining him and ultimately terminating his employment, nowhere does plaintiff allege - as he must - that the "real reason" he was disciplined or fired was unlawful employment discrimination.

Plaintiff sums up his claim by stating "Based on all those reason [sic] I come into a conclusion that no matter how, Cumberland Farms will try to find a reason to terminate me. I couldn't find the right term for that other than 'discrimination.'" The **only** factual allegation in the amended complaint which could arguably be construed as suggesting **unlawful** employment discrimination is in paragraph 6 of a December 25, 2002, letter from plaintiff to the EEOC attached to his amended complaint. Therein, plaintiff asserts that he was told by his manager that she would not be training any new store managers only to learn two weeks later that she was training new store managers, some of whom were "black Americans." This suggests that plaintiff is alleging he was treated differently because of his race, color and/or national origin.[1] However, plaintiff does not elaborate on this vague claim. Moreover, since he filed his amended complaint on the form utilized by *pro se* litigants alleging **only** age discrimination in employment under the ADEA, he **appears to have abandoned** his earlier claims of discrimination based on race, color and/or national origin.

As a further matter, although he was served with defendant's motion for summary judgment dismissing the amended complaint, **plaintiff has not specifically responded to the argument that he complained to**

---

[1] Because plaintiff attached a copy of his administrative complaint to the EEOC to his original complaint which was rejected by the Court, the Court is aware of plaintiff's status as an African immigrant. There is, however, no reference to plaintiff's status as an African in the amended complaint.

> **the EEOC only about racial discrimination and thus has no legal basis to sue defendant solely for age discrimination in this case.** However, defendant's failure to serve plaintiff with the special notice required in *pro se* matters regarding Rule 56 of the Fed. R. Civ. P. and the consequences of failing properly to oppose a summary judgment motion preclude the Court from granting defendant's motion. *See McPherson v. Coombe,* 174 F.3d 276, 281 (2d Cir. 1999) ("Since it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial . . . '[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.") (citations and internal quotation marks omitted); *see also Pham v. United States,* 317 F.3d 178, 187 (2d Cir. 2003) ("[T]his Circuit has adopted the salutary requirement that *pro se* litigants must understand the nature and consequences of their evidentiary burden as nonmovants under Fed. R. Civ. P. 56 before such motions can be granted). A *pro se* litigant can be said to understand these principles if: (1) the district court provided notice of the nature and consequences of a summary judgment motion; (2) the opposing party provided such notice; or (3) the litigant demonstrated an understanding of the nature of summary judgment as evidenced by the papers submitted in opposition to the motion. *See Vital v. Interfaith Med. Ctr.,* 168 F.3d 615, 620-21 (2d Cir. 1999).
>
> In this case, neither the Court nor defense counsel provided plaintiff with the required notice as set forth in Rule 56.2 of the Local Rules of Practice for the United States District Court for the Northern District of New York. Based thereupon, the Court must deny defendant's motion for summary judgment without prejudice at this time. Of course defendant is free to serve plaintiff with a new motion on the very same grounds alleged herein so long as it provides the requisite notice. In the interim, or in response to any new motion by defendant, plaintiff should provide **specific** factual, evidentiary or other material in support of his claims of unlawful discrimination and should clarify whether he intended to abandon his original claims for racial discrimination by filing an amended complaint based solely on age discrimination.

Following the November 2004, letter-order, defendant re-filed its motion for summary judgment, this time including the required notice to the *pro se* plaintiff concerning the consequences of failing to oppose properly a dispositive motion under Fed. R. Civ. P. 56. Plaintiff filed a letter in response to defendant's motion, but did not address the issue of apparent claim abandonment outlined in the Court's November 2004, letter.

**III.   DISCUSSION**

A.   <u>Applicable Standard of Review</u>

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).  Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 258 (1986).  Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute.  *See id.*  The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case.  *See id.* at 325.  Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial.  *See* Fed. R. Civ. P. 56(e).

B.   <u>Plaintiff's Employment Discrimination Claims</u>

A plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e) (Title VII); see 29 U.S.C. §§ 626(d), 633(b) (ADEA).  Exhaustion of remedies is a precondition to suit, *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir. 2000), and a plaintiff typically may raise in a district court complaint only those claims that either were included in or are "reasonably related to" the allegations contained in her EEOC charge. *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) (internal quotation marks omitted) (Title VII); *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1208 (2d Cir. 1993) (ADEA).

A claim raised for the first time in the district court is "reasonably related" to allegations in an EEOC charge "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 83 (2d Cir. 2001) (quoting *Butts,* 990 F.2d at 1402 (internal quotation marks omitted)). The Second Circuit has described this as "essentially an allowance of loose pleading." *Id.*

The Second Circuit has "recognized three kinds of situations where claims not alleged in the EEOC charge are sufficiently related to the allegations in the charge that it would be unfair to civil rights plaintiffs to bar such claims in a civil action." *Butts,* 990 F.2d at 1402-03. The conduct alleged in a complaint is reasonably related to conduct described in an EEOC charge when it: (1) is within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination; (2) would constitute retaliation for filing a timely EEOC charge; or (3) constitutes further incidents of discrimination perpetrated in precisely the same manner as alleged in the EEOC charge. *Id.* at 1402-03.

Of these three exceptions, only the first arguably has relevance in the present case. "'Reasonably related' means that despite the claimant's having failed to specify the precise charge, the EEOC likely would have investigated the conduct complained of anyway." *Findlay v. Reynolds Metals Co., Inc.,* 82 F.Supp.2d 27, 33 (N.D.N.Y. 2000) (quoting *Pemrick v. Stracher,* 67 F.Supp.2d 149, 170 (E.D.N.Y.1999)). It is of no moment whether the EEOC actually investigated the claim; it is the opportunity to do so that is key. *Id* (citing *McNight v. Dormitory Auth. of the State of New York,* 995 F.Supp. 70, 77 (N.D.N.Y. 1998); *Dargento v. Bally's Holiday Fitness Ctrs.*, 990 F.Supp. 186, 193 (W.D.N.Y.1997). "However, the loose pleading allowance is not satisfied by vague, generalized statements. Specific factual allegations must be made in order

for the EEOC to be able to investigate them reasonably." *Id.* (citing *Cooper v. Xerox Corp.*, 994 F.Supp. 429, 432 (W.D.N.Y. 1998); *see also Butts,* 990 F.2d at 1403 ("Were we to permit such vague, general allegations, quite incapable of inviting a meaningful EEOC response, to define the scope of the EEOC investigation and thereby predicate subsequent claims in the federal lawsuit, such allegations would become routine boilerplate and Title VII's investigatory and mediation goals would be defeated.")).

In the present matter, plaintiff's EEOC complaint unambiguously limits plaintiff's claim to racial or national origin discrimination while the amended complaint is based solely on a claim of age discrimination. In general, to state a claim for age discrimination, a plaintiff must establish that: 1) he is a member of a protected class (over the age of 40); 2) that he was qualified to and did perform his duties satisfactorily; 3) that he was discharged; and 4) that the discharge occurred under circumstances giving rise to an inference of discrimination. *See Burger v. New York Inst. of Tech.*, 94 F.3d 830, 833 (2d. Cir. 1996). In order for plaintiff's age discrimination claim to be "reasonably related" to his original administrative claim of race discrimination, plaintiff must show that his original claim contained factual allegations supportive of his new claim for age discrimination - i.e., facts demonstrating that he was subject to disparate treatment based on his age.

Plaintiff does not meet the standard outlined above. The incidents underlying plaintiff's age discrimination claim are wholly absent from the EEOC complaint. Accordingly, the investigation into plaintiff's charges would not fall within the scope of, and could not reasonably be expected to grow into, an investigation of a claim of disparate treatment. *See Findlay,* 82 F. Supp.2d at 33-34 (citing *Osier v. Broome County,* 47 F.Supp.2d 311, 319-21 (N.D.N.Y. 1999) ("Plaintiff's conclusory allegations of 'sexual harassment' are insufficient to give the defendants

notice of the many incidents of a hostile work environment that she is now asserting in this lawsuit."); *Szarka v. Reynolds Metals Co.*, 17 F.Supp.2d 115, 124 (N.D.N.Y. 1998) (claim of hostile work environment did not reasonably grow out of a claim of sex and age discrimination); *Cooper v. Xerox Corp.*, 994 F.Supp. 429, 433 (W.D.N.Y. 1998) (charge of racial discrimination does not support claim for hostile work environment or harassment); *Tavarez v. Chemical Bank,* 1998 WL 337071, at *3 (S.D.N.Y. June 25, 1998) ("A charge of disability discrimination cannot reasonably be expected to grow out of a charge of discrimination based on national origin."); *DeJesus v. Allstate Ins. Co.,* 1998 WL 241726, at *4 (S.D.N.Y. May 11, 1998) (a claim of redlining is not reasonably related to a charge of racial discrimination); *Harris v. New York City Dep't of Homeless Servs. Eligibility Investigation Unit,* 1998 WL 205334, at *9 (S.D.N.Y. April 28, 1998) (a charge of gender discrimination and a retaliation claim for filing sexual harassment charges fails to satisfy the reasonably related test), aff'd,181 F.3d 82, 1999 WL 314158 (2d Cir. 1999); *Carrasco v. New York City Off-Track Betting Corp.*, 858 F.Supp. 28, 33 (S.D.N.Y. 1994) (retaliation claim not reasonably related to charge of sexual discrimination), *aff'd,*50 F.3d 3 (2d Cir. 1995)).

Accordingly, the investigation into plaintiff's charges of age discrimination would not fall within the scope of, and could not reasonably be expected to grow into, an investigation of a claim of race or national origin discrimination racial harassment. *See Porter v. Texaco, Inc.*, 985 F.Supp. 380, 384 (S.D.N.Y. 1997) (Because plaintiff's disparate treatment and racial harassment claims "rely on different facts and embody different legal theories," an investigation into the former could not reasonably be expected to grow into an investigation of the latter); *see also Ghose v. Century 21, Inc.,* 108 F.Supp.2d 373, 376 (S.D.N.Y. 2000) (hostile work environment claim is not reasonably related to claim of race discrimination); *Ige v. Command Sec. Corp.*, 2002

WL 720944, at *6 (S.D.N.Y. 2002) (investigation into underlying incidents of plaintiff's disparate treatment claim would not lead investigator to inquire about claim of hostile work environment)).  Accordingly, plaintiff's ADEA claim must be dismissed as unexhausted.

## IV.    CONCLUSION

Based on the foregoing, defendant's motion for summary judgment dismissing plaintiff's complaint is hereby GRANTED; and it is further

ORDERED that the complaint is hereby dismissed in its entirety.

IT IS SO ORDERED.

Dated: December 30, 2005

Syracuse, New York

Norman A. Mordue
U.S. District Judge